UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE CROSSLEY TAYLOR,

        Plaintiff,

        v.

PUBLIC STORAGE,

        Defendant.

CASE NO. C10-2103RSM

ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION

Defendant has requested clarification of language in the Court's September 6, 2012 Order granting defendant's motion for summary judgment (Dkt. #91). Dkt. #93. In granting the motion, the Court stated,

> Plaintiff is bound by the limitations on liability set forth in her contract, such that her claims of negligence and conversion are barred, and her damages on other claims are limited to $5,000 where appropriate. Plaintiff's claims of negligence, conversion, fraud, and intentional infliction of emotional distress are DISMISSED.

Order, Dkt. #91, p. 11.

Defendant represents to the Court that the parties disagree as to whether the $5000 limitation on liability applies to all remaining claims. The Court hereby clarifies that the "as appropriate" language was used to indicate that the $5,000 limitation applies to all damages arising out of the contract,

ORDER - 1

including plaintiff's breach of contract claim and claim under the Washington Self-Storage Facilities Act. However, the Court has not determined whether the limitation would also apply to plaintiff's claim under the Washington Consumer Protection Act ("CPA"), should she prevail on that claim.[1] The legality of a limitation of liability clause to claims under the CPA was neither briefed nor determined in the summary judgment proceedings, and the Court declines to find, on the state of the record before it now, that the limitation does (or does not) apply to plaintiff's CPA claim.

Defendant's motion for clarification is accordingly GRANTED IN PART and DENIED IN PART.

Dated this 17th day of October 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Court has already ruled, in response to plaintiff's motion for summary judgment on her CPA claim, that the claim failed because she had demonstrated neither an unfair or deceptive act or practice, nor that defendant's acts affect the public interest. See, Order on Plaintiff's Motion for Summary Judgment, Dkt. # 92, p. 14. However, denial of plaintiff's motion did not result in dismissal of the claim at that time, as defendant did not file a cross-motion on this claim, and the Court did not invoke the notice and response procedure set forth at Fed.R.Civ.P. 56(f)(1).

ORDER - 2